**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joseph Anthony Gelotte, Respondent,

v.

Davis Roofing and Maintenance, LLC and Jerry E. Davis, Appellants.

Appellate Case No. 2014-002574

———————

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-037
Submitted December 1, 2015 – Filed January 20, 2016

———————

**AFFIRMED AS MODIFIED**

———————

Thomas Alexander Belenchia, Larry Eugene Gregg, II, and Thomas Camden Shealy, all of A Business Law Firm, of Spartanburg, for Appellants.

Donald C. Coggins, Jr. and Jeremy Andrew Dantin, both of Harrison White Smith & Coggins, PC, of Spartanburg, for Respondent.

———————

**PER CURIAM:** Davis Roofing and Maintenance, LLC, and Jerry E. Davis (collectively Davis Roofing) appeal the trial court's orders awarding Joseph Gelotte $47,780.97 in unpaid wages, attorney's fees, and costs under the South Carolina Payment of Wages Act.[1] On appeal, Davis Roofing argues the trial court erred by (1) awarding Gelotte wages because Davis Roofing overpaid him by $3,069.32, and (2) awarding treble damages and attorney's fees because there was a bona fide dispute over the amount of wages, if any, owed to Gelotte. We affirm as modified.

Evidence presented at trial supports the trial court's finding that Davis Roofing owed Gelotte $11,730.68 in unpaid wages. *See Mathis v. Brown & Brown of S.C., Inc.*, 389 S.C. 299, 307, 698 S.E.2d 773, 777 (2010) (providing that in an action at law tried without a jury, this court's standard of review "is limited to determining whether the [trial court's] findings are supported by competent evidence and correcting errors of law"). However, Gelotte conceded on appeal that he mistakenly inflated the amount of his unpaid wages at trial by $1,000. Accordingly, we reduce the award to $10,730.68. *See Thomas v. Dootson*, 377 S.C. 293, 296, 659 S.E.2d 253, 254 (Ct. App. 2008) (holding a party is bound by concessions made in an appellate brief).

We find no good faith dispute existed as to Gelotte's unpaid wages at the time Davis Roofing withheld them. *See Goodwyn v. Shadowstone Media, Inc.*, 408 S.C. 93, 98, 757 S.E.2d 560, 563 (Ct. App. 2014) ("When reviewing . . . an award[ of treble damages and attorney's fees], 'this court can take its own view of the facts.'" (quoting *Ross v. Ligand Pharm., Inc.*, 371 S.C. 464, 471, 639 S.E.2d 460, 464 (Ct. App. 2006))); *id.* ("An award of treble damages and attorney's fees is appropriate only when 'there [i]s no good faith wage dispute' because 'an employer should not be penalized . . . for failure to pay wages upon assertion of a valid defense to payment.'" (alterations by court) (quoting *Rice v. Multimedia, Inc.*, 318 S.C. 95, 98-99, 456 S.E.2d 381, 383 (1995))); *Mathis*, 389 S.C. at 316, 698 S.E.2d at 782 ("[T]he relevant date for determining whether the employer reasonably withheld wages is the time at which the wages were withheld, i.e., when the employer allegedly violated the Act."). Accordingly, the trial court's award of treble damages, attorney's fees, and costs is affirmed.

---

[1] S.C. Code Ann. § 41-10-10 to -110 (Supp. 2014).

Gelotte is therefore entitled to $10,730.68 in unpaid wages trebled to $32,192.04, $12,317.21 in attorney's fees, and $271.72 in costs, resulting in a total judgment of $44,780.97.

**AFFIRMED AS MODIFIED.**[2]

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.